UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOLLIE WILLIAMS,

     Plaintiff,

v.

AMAZON.COM SERVICES LLC, et al.,

     Defendants.

Case No. 23-cv-11944

Honorable Robert J. White

---

**ORDER DENYING DEFENDANT'S MOTION FOR LIMITED REOPENING OF EXPERT DISCOVERY OR, IN THE ALTERNATIVE, FOR RECONSIDERATION (ECF No. 44)**

---

Defendant Amazon.com Services LLC (Amazon) moved to reopen expert discovery, or in the alternative, for reconsideration of the Court's order denying Amazon's motion to extend expert discovery deadlines. (ECF No. 44). Plaintiff Mollie Williams opposed the requested relief. (ECF No. 45). For the reasons that follow, the Court will deny Amazon's motion.

**I.    Background**

Williams sued Amazon for employment discrimination based on her sexual orientation. (ECF No. 1-1). Williams specifically brought claims for (1) disparate treatment, (2) hostile work environment, and (3) retaliation. (*Id.* at PageID.35–37).

Williams initially filed her complaint in state court. (*Id.* at PageID.38).   Amazon removed the case to federal court on August 7, 2023. (ECF No. 1).

Shortly after Amazon's notice of removal, the litigation came to a pause. Namely, Williams moved to remand the case on August 17, 2023, (ECF No. 4), and the case remained inactive until the Court denied Williams' motion on March 31, 2024, (ECF No. 10).  On April 19, 2024, the Court set the discovery deadline, which included expert discovery, for December 19, 2024. (ECF No. 12).   The parties participated in an in-person settlement conference with Magistrate Judge Curtis Ivy, Jr. on October 28, 2024, but did not reach a resolution. (ECF No. 19).

On November 8, 2024, the parties moved jointly to extend the deadlines. (ECF No. 21).  The Court granted the request and pushed the fact discovery deadline to April 21, 2025 and the expert discovery deadline to May 21, 2025. (ECF No. 25, PageID.286).  On January 8, 2025, Williams provided Amazon with a psychological evaluation report as part of her supplemental responses to Amazon's written discovery requests. (ECF No. 44, PageID.2794; ECF No. 45, PageID.2835). Williams, however, did not serve expert disclosures until April 25, 2025, following an April 23, 2025 status conference with the Court. (ECF No. 44, PageID.2794).

After that same status conference, the Court extended discovery deadlines once again. (ECF No. 28).  This time, fact discovery would close on June 16, 2025

and expert discovery would close on July 16, 2025. (ECF No. 28, PageID.292).  In its order, the Court specified that the extension was for, among other things, "completing expert discovery, including but not limited to the disclosure of experts in accordance with the requirements of Federal Rule of Civil Procedure 26, expert depositions, and any related activities." (*Id.* at PageID.293).

On June 27, 2025, the parties submitted a joint stipulation that postponed the expert discovery deadline until after the Court ruled on any dispositive motions. (ECF No. 44-2, PageID.2823).  The Court adopted the deadlines in the joint stipulation subject to certain exceptions. (ECF No. 29, PageID.295).  As relevant here, the Court ordered the parties to complete expert discovery by September 25, 2025 and to raise challenges to experts by October 25, 2025. (*Id.* at PageID.295–96). The Court also stated in no uncertain terms that it would "not grant any further deadline extensions." (*Id.* at PageID.295).

On the very last day of expert discovery, Amazon moved to extend expert discovery deadlines despite the Court's statement that no further extensions were allowed. (ECF No. 34).  The Court resolved Amazon's motion to extend in conjunction with Amazon's motion for summary judgment. (ECF No. 42).  In that order, the Court granted summary judgment in favor of Amazon on Williams' disparate treatment and hostile work environment claims, but allowed Williams'

retaliation claim to proceed. (*Id.* at PageID.2752).   The Court denied Amazon's request to extend expert discovery deadlines. (*Id.*).

Presently before the Court is Amazon's motion to reopen expert discovery, or for reconsideration of the denial of the motion to extend. (ECF No. 44).   In its motion, Amazon indicated that the discovery it contemplated included (1) supplementation or clarification of Williams' expert opinions, (2) an Independent Medical Evaluation (IME) conducted by Amazon's expert along with preparation of an expert report and expert depositions to address Williams' emotional-distress damages allegedly arising from the retaliation, and (3) a period thereafter for *Daubert* motions. (*Id.* at PageID.2801).   Williams opposed Amazon's motion. (ECF No. 45).

## II.    Legal Standard

"District courts have broad discretion under the rules of civil procedure to manage the discovery process and control their own dockets." *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014).

## III.    Analysis

Amazon moved under Federal Rule of Civil Procedure 16 for the Court to reopen expert discovery as to Williams' retaliation claim. (ECF No. 44, PageID.2796).   Amazon argued that the Court should grant its motion because the need for additional expert discovery did not stem from Amazon's own neglect,

because Amazon sought only narrow, targeted discovery, and because reopening discovery would not prejudice Williams or affect the trial schedule. (*Id.* at PageID.2796–04).    Additionally, a decision not to reopen discovery would substantially prejudice Amazon's ability to properly assess Williams' alleged damages and mount its defense. (*Id.* at PageID.2802–04).

In the alternative, Amazon moved for the Court to reconsider its denial of the motion to extend. (*Id.* at PageID.2804).  Allegedly, the summary judgment order introduced new, previously unknowable circumstances that warranted a different outcome. (*Id.* at PageID.2804–05).  And if that were not the case, the Court incorrectly interpreted the procedural record to be against Amazon's requested relief. (*Id.* at PageID.2805–06).

In response, Williams argued that Amazon's own lack of diligence caused its dilemma, (ECF No. 45, PageID.2835–38), and reopening discovery would substantially prejudice Williams by significantly increasing costs and interfering with her ability to prepare for trial. (*Id.* at PageID.2841–43).  Likewise, the Court's summary judgment order did not introduce any new facts or circumstances that would justify reconsideration. (*Id.* at PageID.2844–45).  Rather, the Court's initial good cause analysis still rings true – Amazon had ample time to complete expert discovery, as borne out by the case's procedural history. (*Id.* at PageID.2845–46).

### A.    Motion to Reopen Expert Discovery

Rule 16(b)(4) allows a court to modify a schedule "only for good cause."  In the Sixth Circuit, courts "consider three factors when determining whether there is good cause to re-open discovery: (1) 'whether the need for additional discovery was precipitated by' the movant's neglect; (2) the specificity and relevance of the additional discovery being sought; and (3) whether there is a compelling reason not to re-open discovery." *West v. Jindal*, No. 21-10225, 2024 WL 3278936, at *3 (E.D. Mich. July 2, 2024) (quoting *Morgan v. Gandalf, Ltd.*, 165 Fed. App'x 425, 431 (6th Cir. 2006)).

Here, Amazon claimed that its need for additional discovery did not stem from its own neglect. (ECF No. 44, PageID.2797).  Rather, the summary judgment order "fundamentally changed the scope of the issues for trial and, correspondingly, the scope of relevant expert discovery." (*Id.*).  That is, because the Court eliminated all but Williams' retaliation claim, "[t]he focus now is whether, and to what extent, [Williams'] alleged emotional distress was caused by the conduct underlying her surviving retaliation claim." (*Id.* at PageID.2799).

The Court is not persuaded by this argument.  Amazon knew that Williams sought to recover for retaliation from day one of the case; the retaliation claim is not new.  By filing a motion for summary judgment, Amazon could reasonably expect the Court to dismiss some claims and retain others.  Put differently, the Court's ruling

was not unprecedented.  Amazon cannot recast its initial motion for an extension as a motion to reopen when the only change is that there is now one claim instead of three.

Amazon also cannot rely on Williams' late-in-discovery expert disclosures as evidence against its own neglect. (*Id.* at PageID.2800).  The Court alleviated any concerns associated with the timing of Williams' expert disclosures by extending the expert discovery deadlines twice thereafter. (ECF No. 28; ECF No. 29).  Plus, the issues Amazon identified as inhibiting the timely completion of expert discovery are those inherent to any multi-year civil litigation. (*Id.* at PageID.2800).  Namely, litigants are expected to manage change of counsel, settlement efforts, and voluminous fact discovery as part of their duty to oblige by the scheduling order. The same is true for expert-related issues. While the primary attorney handling this matter had a personal family medical issue during the time to complete expert discovery, Amazon was represented by multiple attorneys throughout the pendency of the litigation. (*Id.*).  And when considered in context, and alongside the Court's ban on future extensions, the Court can infer that Amazon's neglect contributed to its need to reopen discovery.  This factor weighs against Amazon.

Next, Amazon argued that because its proposed discovery is limited in scope, the Court should allow it to proceed. (*Id.* at PageID.2800–02).  Amazon wants to conduct an IME using its own expert and prepare an expert report, take expert

7

depositions, and include a period for *Daubert* motions. (*Id.* at PageID.2801).   In support of its argument, Amazon cited two cases that show courts "routinely reopen discovery for similarly limited expert-related purposes." (*Id.* at PageID.2801–02).

The first, *In re Clinton River Cruise Company*, No. 03-cv-73139, 2007 WL 2952281 (E.D. Mich. Oct. 9, 2007), is not analogous.  There, the non-moving party did not object to the petitioner's request to re-open discovery. *Id.* at \*6.  Thus, unlike here, the Court did not need to consider whether good cause existed to grant the petitioner's motion.

The second case, *Robinson v. Tendercare (Michigan), Incorporated*, No. 07-10212, 2008 WL 11355469 (E.D. Mich. Nov. 24, 2008), is more similar.   In *Robinson*, the plaintiff alleged emotional distress damages based on sexual harassment she suffered in the workplace. *Id.* at \*1.  The defendant moved to reopen discovery to depose the plaintiff's two medical treaters and to obtain an IME. *Id.* at \*2.  The defendant indicated the parties had agreed orally to postpone the depositions and IME until after the court ruled on defendant's summary judgment motion. *Id.* There, the defendant's reliance on the parties' agreement served as an important factor in the court's decision to grant the defendant's motion. *Id.*  Whereas here, the Court gave Amazon clear notice that expert discovery would close on September 25, 2025 and that there would be no more extensions. (ECF No. 29).  Unlike *Robinson*, Amazon could not justifiably rely on a deadline extension.

8

The court in *Robinson* did acknowledge, however, that the defendant sought discovery "highly relevant to [the] matter." *Id.* at *2.  The depositions were "crucial to Plaintiff's request for damages" and the IME was necessitated by plaintiff placing her mental state at issue. *Id.* at *2–3.  But *Robinson* is not binding authority on this Court. And the Court is not convinced that Amazon's proposed discovery is the only way to achieve its objective of poking holes in plaintiff's theory.  Amazon will have the opportunity to cross-examine any of Williams' experts at trial and undermine the alleged emotional distress allegations that way.

Considering that reopening discovery would place additional burdens on Williams as she prepares for trial, and that Amazon could have taken these steps during the prescribed discovery window, the narrow scope of proposed discovery does not justify granting Amazon's motion.  Although it is a closer call than the first factor, the Court finds that the second factor weighs against Amazon.

The prejudice to Williams outweighs any argument to reopen expert discovery. Amazon asserted that further discovery is needed to assess plaintiff's damages as to her retaliation claim and prepare a defense. (ECF No. 44, PageID.2803).  That may certainly be true.  On the flip side, Williams will likely incur significant costs and have to divert her attention from preparing for trial if made to respond to expert discovery.  Additionally, reopening expert discovery might necessitate further trial delays.  Williams has waited since 2023 to take her

case to trial.  At a certain point, the litigation must take concrete steps toward resolution, especially when the Court set clear deadlines.  Based on this, the balance tips in favor of Williams.  For the reasons stated, the Court will deny Amazon's motion to reopen.

### B.  Motion for Reconsideration

"Motions for reconsideration of non-final orders are disfavored" and may only be brought in the following circumstances. E.D. Mich. L.R. 7.1(h)(2).  First, "[t]he court made a mistake, correcting the mistake changes the outcome of a prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." L.R. 7.1(h)(2)(A).  Second, "[a]n intervening change in controlling law warrants a different outcome." L.R. 7.1(h)(2)(B).  Third, "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." L.R. 7.1(h)(2)(C).

Amazon argued that the summary judgment order introduced circumstances "that could not have been known before the Court issued its decision," namely, that two-of-three claims would be dismissed. (ECF No. 44, PageID.2805).  Since the Court's decision changed the landscape of the case, reconsideration is warranted. (*Id.*).  For the reasons already explained, the Court finds this argument unavailing. *Supra* pp. 6–7.

Amazon otherwise argued the Court made a mistake in its previous decision. (ECF No. 44, PageID.2805–06).  That is, if the Court had conducted a "more fulsome analysis" of the good cause factors, it would have granted the motion to extend. (ECF No. 46, PageID.2857).  The Court will now offer a "more fulsome analysis" of why it denied the original motion, and why it will thereby deny the motion for reconsideration.

To start, the discovery period ran from April 2024 through September 2025, or seventeen months.  The parties had seventeen months, then, to complete expert discovery.  And even if Amazon claimed that it could only begin expert discovery upon Williams' April 2025 expert disclosures, the Court accounted for this delay by extending the discovery deadline twice. (ECF No. 28; ECF No. 29).  In doing so, the Court gave Amazon five months for expert discovery.  Notably, Amazon represented that it could complete expert discovery in the five months between when the present motion was filed and when trial is slated to take place. (ECF No. 44, PageID.2791).  If that is the case, the additional five months originally bestowed upon Amazon should have been sufficient.

Likewise, the Court stated clearly that it would not extend any of the deadlines further. (ECF No. 29, PageID.295).  Amazon had notice, then, that it needed to complete expert discovery by September 25, 2025, no matter what.  Expert witness management was squarely within Amazon's control.  Amazon should have

11

accounted for possible issues with its expert as part of its duty to meet the deadline. Instead, Amazon chose not to act until the very last day of the discovery window.

The Court made itself clear as to how discovery was to proceed.  Ultimately, "'[t]he district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits . . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.'" *Smith v. Holston Med. Grp., P.C.*, 595 Fed. App'x 474, 480 (6th Cir. 2014) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)).  The Court finds that reasoning applicable here.  Based on the factual circumstances, the Court did not make a mistake in its order denying an extension.  Accordingly, the Court will deny the motion for reconsideration.

* * *

For the reasons given, the Court **ORDERS** that the motion for limited reopening of expert discovery or, in the alternative, for reconsideration (ECF No. 44) is **DENIED**.

Dated: June 29, 2026                              s/Robert J. White
                                                            Robert J. White
                                                            United States District Judge

12